# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

ERNEST J. HODGES,
　　　　　　　*Defendant-Appellant.*

No. 00-4127

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-99-58)

Submitted: November 30, 2000

Decided: December 22, 2000

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Eliza-
bethtown, North Carolina, for Appellant. Kenneth F. Whitted,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ernest Hodges appeals his criminal conviction and 292-month sentence imposed after a jury found him guilty of conspiracy to possess with intent to distribute cocaine and at least fifty grams of cocaine base. Hodges' attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious issues for appeal. Nonetheless, in his brief, counsel addressed the possibility that the evidence of conspiracy was insufficient; that the district court erred in allowing testimony from cooperating witnesses; that the district court erred in declining to depart downward at sentencing; that trial counsel rendered ineffective assistance; that the jury issued a general verdict failing to specify the object of the conspiracy; that Hodges was not personally served with a copy of the superseding indictment; and that the district court erred in determining drug quantities at sentencing.

Hodges has filed a pro se brief to supplement his counsel's *Anders* brief. In his brief, Hodges raises two arguments similar to those raised by counsel in that he contends the district court erred in determining the quantity of drugs attributable to him and that the jury's general verdict was inadequate to establish the object of the conspiracy. Hodges also argues that his sentence violates the Supreme Court's holding in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), because the quantity of drugs should have been submitted to the jury. Because we find all the assignments of error to be without merit and can discern no other reversible error in the record on appeal, we affirm Hodges' conviction and sentence.

When assessing the sufficiency of the evidence of a criminal conviction on direct review, "[t]he verdict of [the] jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). We find substantial evidence in the record from which a reasonable jury could have determined that a drug conspiracy existed of which Hodges was a participant. *See United States v. Collazo*, 732 F.2d 1200, 1205 (4th Cir. 1984).

Counsel's argument that the Government violated 18 U.S.C. § 201(c)(2) (1994) because several of the Government's witnesses were given leniency has been rejected by this Court. *See United States v. Richardson*, 195 F.3d 192, 196-97 (4th Cir. 1999), *cert. denied*, 120 S. Ct. 837 (2000).

This Court does not review a district court's refusal to depart unless the decision is based on a mistaken perception of lack of authority. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). There is nothing in the record to suggest that the district court believed it lacked the authority to depart, and therefore we will not review this claim.

A claim of ineffective assistance of counsel should be raised in a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000), rather than on direct appeal, unless the record conclusively demonstrates ineffectiveness. *See United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992). None of Hodges' assertions of error are conclusively established on the face of the record, and therefore, they should be pursued in a § 2255 motion.

Counsel's claim that Hodges was not served with the superseding indictment lacks a factual basis in the record. Moreover, Hodges' failed to raise an objection in the district court, and has alleged no prejudice.

Hodges and his counsel contest the jury's general verdict on the grounds that it did not specify whether the jury found Hodges guilty of a drug offense involving cocaine, cocaine base, or both. Because Hodges failed to object at trial, this claim is reviewed for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). The indictment did not name the drugs in the alternative, and the district court did not instruct the jury to find Hodges guilty if they found a conspiracy involving either cocaine or cocaine base. Because the jury did not have the option of finding Hodges guilty of one drug, but not the other, the district court did not plainly err. *Cf. United States v. Rhynes*, 196 F.3d 207 (4th Cir. 1999) (special verdict required when drugs were charged in the alternative).

Hodges and counsel claim the district court erred in its determination of the quantity of drugs attributable to Hodges. Because counsel

withdrew the objection to drug quantity at sentencing, Hodges waived this claim unless there is plain error. *See Olano*, 507 U.S. at 732; *United States v. Grubb*, 11 F.3d 426, 440-41 (4th Cir. 1993). We find no error which seriously affects the fairness or integrity of Hodges' sentence.

Finally, the Supreme Court, in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), held as a principle of constitutional law that, except for "the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 2362-63. In this case, the indictment alleged "cocaine and at least fifty grams of cocaine base," and the district court instructed the jury that the charge alleged cocaine and at least fifty grams of cocaine base. Because the drug quantity was alleged in the indictment and submitted to the jury, there is no violation of *Apprendi*.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Hodges' conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*